IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KENNY LEE and PAMELA LEE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY and KAREN GILLESPIE, ) <br> ) <br> Defendants. ) | Case No.   4:22-cv-00476-AGF |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

Come now Plaintiffs, by and through their attorney, and file their "Response to Defendants' Statement of Material Facts" as follows:

1. Plaintiffs sustained a fire to their residence on March 10, 2020. (Petition par. 25).

**RESPONSE:**   Admitted.

2. Defendant State Farm denied the Plaintiffs' claim for fire loss under an insurance policy issued by it. (Petition par. 22 & 30).

**RESPONSE:**   Admitted.

3. Defendant Gillespie in the course and scope of her employment with Defendant State Farm issued two denial letters dated September 30, 2020 denying each Plaintiffs' insurance claim, which both stated in part that the fire at the Plaintiffs' home, "was intentionally set by you or at your direction" and, "you have intentionally concealed

1

and misrepresented material facts and circumstances regarding the claimed loss." (Petition par. 6, 7, 14 & 15).

**RESPONSE:** Admitted

4. Plaintiffs identified two insurance agents to whom they published the denial letters, Jana Stahlhuth and Brad Moncrief. (Ex. 1, Plaintiffs' Rule 26 Disclosures).

**RESPONSE:** Controverted. The Rule 26 disclosures state that Agents Stalhuth and Moncrief have information concerning the "Lees attempts to obtain insurance" through their agencies [Plaintiff's rule 26 disclosures] and not whom they "published" the denial letters.

5. Jana Stahlhuth has never asked an applicant for insurance to see a copy of a denial letter from an insurance company. (Ex. 2, Deposition of Jana Stahlhuth, p. 12, l. 13-19).

**RESPONSE:** Controverted to the extent that the deposition testimony of Stalhuth cited by Defendants does not support the stated fact. Plaintiffs admit the authenticity of the cited testimony but that Stalhuth testified that she has "never asked the question" if an applicant or policy holder **has had a claim denied**.

6. Jana Stahlhuth has never received a denial letter from an insurance company as part of taking an insurance application for a prospective customer, and does not recall the Lees showing her the denial letter from State Farm. (Ex. 2, p. 36 l. 5-15).

**RESPONSE:** Controverted. Plaintiff Pam Lee testified that Stahlhuth asked Plaintiff's about their history, whether they have or had insurance and to tell her about the fire to their

2

house, after which Pam Lee told Stahlhuth about the allegations of fraud and arson and she gave the letters to her. [Ex. A Pam Lee deposition p 58:11-59:9]

      7.     Jana Stahlhuth would never learn about denials of insurance claims unless potential customers volunteer that information to her. (Ex. 2, p. 40 l. 4-7).

**RESPONSE:**     Controverted. Plaintiff Pam Lee testified that Stahlhuth asked Plaintiff's about their history, whether they have or had insurance and to tell her about the fire to their house, after which Pam Lee told Stahlhuth about the allegations of fraud and arson and she gave the letters to her. [Ex. A Pam Lee deposition p 58:11-59:9]

Plaintiff Kenny Lee testified that when you buy insurance you want to be forthcoming with information, and you don't want to hide something because later on that creates problems. [Ex. B Deposition of Kenny Lee page 102:9-13]

Agent Stalhuth's belief is that if her customer obtained insurance through her agency but had failed to inform her that they had been accused of arson and fraud Stalhluth has a fiduciary obligation to inform the company of this information which would likely result in cancellation or non-renwal of the policy [Ex. C Deposition of Stahlhuth page 38:12-39:9]; Stahlhuth is an agent for CFM which is a Missouri Mutual insurance company [Ex C page 11:10-17, 19:22-24]

Agent Stahlhuth's expectation is that an applicant in good faith would provide a full disclosure of material matters with respect to their recent insurance record [Ex C Deposition of Stahlhuth page 38:10-15].

Agent Stalhuth acts as a gate keeper as to what customers she will take an application

3

from to submit to an insurance company [Ex C Deposition of Stahlhuth page 18:12-19:15.

The applicant for insurance bears the risk of failing to fully disclose his material prior insurance record when applying for insurance.  Risk of non-disclosure of  insurance record is on an insurance applicant and can result in a policy being rescinded or voided ab initio. An applicant should fully disclose to an agent, either orally or on an application, significant matters in his insurance record.  The State Farm denial letters to Ken and Pamela Lee would have to be disclosed to an agent when attempting to obtain insurance.  Failure of the Lee's to do so would not comply with Missouri law and create substantial risk that the policy would be rescinded at a future time when a claim was presented.  Such a disclosure is compelled and is not voluntary. [Ex. D  Declaration of Thomas Millington, Plaintiffs' retained expert]

Agent Stahluth identified an "Accord Homeowners Application" which requests disclosure of loss history, and a description of the loss and is typical  of the type of information  Stahlhuth expects an applicant to disclose [Ex C  Deposition of Stahlhuth 21:12-22:6;  Exhibit 1 Homeowners Application]; and companies require her to answer the questions on loss history [Ex C of Stahlhuth  deposition page 31:22-32:6]

8. Brad Moncrief does not ask prospective customers if they have had a claim denied. (Ex. 3, deposition of Brad Moncrief, p. 8 l. 19-25).

**RESPONSE:** Admitted.

9. Brad Moncrief did not ask the Plaintiffs if they had been denied by any other insurance company on a claim. (Ex. 3, p. 12 l. 21-24).

**RESPONSE:** Admitted.

4

10. While the Plaintiffs did show the denial letter to Brad Moncrief, it was not in response to any request that he made. (Ex. 3, p. 14 l. 10-12).

**RESPONSE:** Controverted. The denial letter was shown to both agents; Brad Moncrief requested to see it. [Exhibit B deposition of Kenny Lee page 101: 6-19]; Agent Moncrief advised to always show the letters in trying to get insurance so it will not appear as though you are hiding anything [Ex A Deposition of Pamela Lee page 66:6-17]. Agent Moncrief asked what was going on with the insurance and why they did not have any insurance [Exhibit A deposition of Pamela Lee page 67:24- 68:5].

11. The Missouri Department of Insurance has adopted a regulation, which states, "No insurer shall deny any claim on the grounds of a specific policy provision, condition or exclusion unless reference to that provision, condition or exclusion is included in the denial. The denial must be given to the claimant in writing and the claim file of the insurer shall contain a copy of the denial." (Ex. 4, 20 CSR 100-1.050(3)(A))

**RESPONSE:** Admitted that 20 CSR 100-1.050 (1) (A) contains the stated language.

12. The same Missouri Department of Insurance regulations "Insurer" is defined to include "any person authorized to represent the insurer with respect to a claim and who is acting within the scope of the person's authority." (Ex. 4).

**RESPONSE:** Admitted that the regulations adopt the statutory definition of "insurer" contained in RSMo. 375.1002

13. Neither State Farm nor defendant Gillespie divulged the contents of the

5

denial letters to any third parties. (Ex. 5, Declaration of Karen Gillespie).

**RESPONSE:** Controverted. State Farm provided reports concerning the facts and circumstances surrounding the fire and the insurance claim to the Prosecuting Attorney of Washington County, Mo., to ISO/Verisk online portal which thereafter provided the information to the National Association of Insurance Commissioners.[Ex J Defendants Second supplemental Response to Plaintiffs' First Request for Production].

14. The denial letter sent by Karen Gillespie was based on the totality of State Farm's investigation, including an opinion from a certified fire investigator that the fire was incendiary in origin and the fact that the plaintiffs were in the residence at the time of the fire. (Ex. 5).

**RESPONSE:** Controverted. Exhibit 5, the affidavit of Defendant Gillespie, is not a fact but simply a generalized, argument as to the appropriateness of the denial. Although it mentions the "totality" of the investigation material parts of that investigation were not referenced including, without limitation, the following:

The cause and origin expert hired by State Farm, determined that the fire was accidental, not intentional, and reported to State Farm that the "Investigation is complete and scene is released. Joe found evidence of an inexpensive small extension cord that was used to run power to a space heater in the living room. The cord overheated and caught nearby combustibles on fire." Exhibit F State Farm claim file page 60].

The Potosi Fire Protection District determined that the cause of the ignition was "unintentional" involving a portable electric heater [Ex G page 993-995 of State Farm claim

file];

State Farm is unable to identify based on their investigation the person who physically ignited the fire but only that it could have been either of the Plaintiffs [Ex E Interrogatory Answers of Defendant Number 4];

State Farm did not consider any person other than the Lees as setting the fire [Ex E Interrogatory Answers of Defendant  #8]

State Farm did not investigate whether any person other than Plaintiffs had a motive or opportunity to set the fire [Ex E Interrogatory Answers of Defendant #9]

State Farm knew that an anonymous person had withdrawn his prior statement to a State Farm adjuster about the fire being set, and that he had been lying and "wanted to make their lives hell" [Ex H State Farm Claim file  page 1099];

15. The denial letters specifically indicated that they were to be opened by the addressee only, and that the letters were being written in compliance with RSMo 375.1007(12), and was not intended for publication to others. (Ex. 6 & 7, denial letters).

**RESPONSE:**              Admitted.

By: /s/ Thomas H.  Hearne
Thomas H. Hearne  #27596

**THOMAS H. HEARNE**
Missouri Bar No. 27596
**HEARNE & PIVAC**
2733 E. Battlefield # 301
Springfield, Missouri   65804-2891
Telephone (417) 883-3399
Fax (844) 422-9713
thhearne@protonmail.com
**ATTORNEY FOR PLAINTIFF**
Lee/Defendants' Motion For Summary Judgment/Response to Statement of Uncontroverted Facts

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2022 the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

By: /s/ Thomas H. Hearne