UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KENNY LEE, et al.,                          )
                                            )
        Plaintiffs,                         )
                                            )
v.                                          )        Case No.: 4:22-CV-00476-AGF
                                            )
STATE FARM FIRE AND                         )
CASUALTY COMPANY, et al.,                   )
                                            )
        Defendants.                         )

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiffs' motions in limine (Doc. Nos. 73, 99); Defendants' motions in limine (Doc. Nos. 49, 72); Plaintiffs' Motion to Exclude Cumulative Expert Testimony (Doc. No. 64); Plaintiffs' Motion Requesting the Court Explain Editing of Videotaped Deposition to the Jury (Doc. No. 67); Plaintiffs' Motion to Expand the Voir Dire Panel (Doc. No. 68); and Defendants' Motion to Bifurcate Trial (Doc. No. 46).

The motions were heard on the record at the final pretrial conference in this case held on August 10, 2023.  Upon review of the record and for the reasons stated more fully on the open record, the Court sets forth its rulings on the parties' motions in limine and other pretrial motions as follows:

## I. MOTIONS IN LIMINE

## Plaintiffs' First Motion in Limine (Doc. No. 73)

1. Any comment, reference or inference to Plaintiffs having previously hired a

different lawyer or law firm earlier in the case.  **DENIED as moot** upon agreement of the parties.

2. Any comment, reference, or inference as to the underlying cause of either Plaintiffs' underlying social security disability.  **DENIED as moot** upon agreement of the parties.

3. Any comment, reference, or inference as to the fire and/or fire loss sustained by Danielle and Ronnie Lashley.  The Court finds that under Rule 403 the probative value of any comment, reference, or inference as to the fire and/or fire loss sustained by the Lashleys is far outweighed by the prejudicial value.  There is simply not enough of a causal link between the two fires.  Absent the door being opened by testimony during trial, Plaintiffs' motion is **GRANTED** pursuant to Federal Rule of Evidence 403.

4. Any comment, reference or inference that the Plaintiffs failed to comply with the investigation other than what is contained in the September 30, 2020 denial letters. **DENIED as moot** upon agreement of the parties.

5. Bad character evidence, including that Plaintiffs failed to report income generated from an eBay account on their tax returns.  The Court finds that this evidence is admissible pursuant to Fed. R. Evid. 404(b) because it indicates a common scheme or plan and is close in time to the incident in this case.  As such, this motion is **DENIED.**  Plaintiffs may request a limiting instruction to the extent this evidence comes in under Fed. R. Evid. 404(b).

6.  Any reference to settlement negotiations or settlement demands made by Plaintiffs in this case.  **DENIED as moot** upon agreement of the parties.

7.  Any reference to Kenny Lee's misdemeanor for passing a bad check from September 25, 2004.  **DENIED as moot** upon agreement of the parties.

## Plaintiffs' Second Motion in Limine (Doc. No. 99)

1.  Any comment, reference, or inference as to the text messages from Ronnie Lashley.  **GRANTED** for the same reasons as stated for Plaintiffs' First Motion in Limine No. 3.

## Defendants' First Motion in Limine (Doc. No. 49)

1.  No adverse inference for failure to call any witnesses by either Defendant.  The parties acknowledge that that Will Truss's opinion is likely to be offered by the parties and come into evidence.  Plaintiffs were aware of Mr. Truss's existence and role in this case, yet made no attempts to depose him during discovery or request assistance from the Court, nor did they subpoena him for trial.  As discussed further on the record, it is evident that this is not a situation in which Defendants have prevented the availability of Mr. Truss, nor are they preventing his opinion from being offered into testimony.  As such, this motion is **GRANTED** as it relates to Will Truss.

2.  Rob Lang's Causation Opinion.  The Court finds that in light of the deposition testimony regarding Mr. Lang's background and training and his own admissions under oath, Mr. Lang is not qualified to give an opinion regarding the cause of the fire pursuant to Fed. R. Evid. 702.  Mr. Lang is also not qualified to

give this opinion as lay opinion pursuant to Fed. R. Evid. 701 because it is clear that a party cannot use lay opinion testimony to provide specialized explanations or interpretations that an untrained layman could not make in perceiving the same acts or events.  As such, Mr. Lang will not be permitted to testify regarding the cause of the fire for the truth of the matter asserted and Plaintiffs will not be permitted to offer the opinion for the truth of the matter.

However, to the extent Plaintiffs can lay the proper foundation that Mr. Lang's causation opinion or his report which indicates the cause of the fire should be admitted for another purpose, Defendants will be entitled to a limiting instruction that the opinion should not be considered for the truth of the matter asserted but only for the purposes offered by Plaintiffs**.**

Additionally, to the extent Plaintiffs can lay the proper foundation that Mr. Lang was obligated to report any usual/suspicious circumstances to the Fire Marshal, Mr. Lang's observation that he did not see anything usual/suspicious will be permitted.

Accordingly, this motion is **GRANTED in part**.

3. <u>No evidence or argument to suggest that criminal prosecution has not been undertaken</u>.  **DENIED as moot** upon agreement of the parties.

4. <u>Missouri Insurance Department Regulations are not relevant in establishing a right of action for private party litigants</u>.  The Court has asked the parties to submit additional briefing on this matter, as such the Court will **RESERVE RULING**.

5. <u>Plaintiffs presenting expert or lay opinion testimony not disclosed in compliance with Rule 26 regarding gasoline tracking or gasoline fumes being associated with debris sample from the fire scene</u>.  **DENIED as moot** upon agreement of the parties.

6. <u>Evidence of Attorney's Fees</u>.  The Court finds that Mr. Millington's opinion regarding the reasonableness of time expended by and to be expended by Plaintiffs' counsel in this case, and the related exhibit containing services performed and time expended were not properly or timely disclosed to Defendants.  As such these opinions and the exhibit will be excluded.  Mr. Millington's testimony regarding attorney's fees will be limited to the opinions set forth in his expert report.   As such, this motion is **GRANTED.**

7. <u>Defendants' "Reserves"</u>.  **DENIED as moot** upon agreement of the parties.

8. <u>Millington Legal Testimony</u>.  The Court finds that Mr. Millington does not have the necessary background and experience in the insurance field in order to opine on the customs and practices in the insurance industry.  Further the Court does not find it necessary or appropriate for Mr. Millington to explain to the jury what the law is regarding Plaintiffs' disclosure requirements.  To the extent Plaintiffs can show that the law is unequivocal and clear on this issue, Plaintiffs may provide a proposed jury instruction and if appropriate, the Court will give such instruction. Accordingly, the Defendants' motion is **GRANTED.**

**Defendants' Second Motion in Limine (Doc. No. 72)**

9. <u>Confidential Insurance Department Correspondence</u>.  The parties are submitting additional briefing on this matter, as such the Court will **RESERVE RULING**.

10. <u>Plaintiffs' Exhibits 101, 102 and 107.</u>  The Court finds that there is no foundation for Exhibits 101, 102 and 107, as such they will be excluded.  Further, with respect to Exhibits 101 and 102, the Court finds that the experiment is not similar enough to the conditions to be meaningful and could indeed be quite misleading.  Accordingly, this motion is **GRANTED**.

11. <u>Plaintiffs' Exhibits 29, 30, 60, 69, 70, 73, 74, 84-93, 101, 102, and 107.</u>  The parties agreed that these exhibits would be used for impeachment purposes only.  The parties provided the Court with copies of the exhibits at issue at the pretrial conference.  Plaintiffs also indicated that they may withdraw certain exhibits.  As such, the Court will **RESERVE RULING** until the parties inform the Court as to which exhibits are still at issue and the Court has the opportunity to further discuss the issues with the parties.

12. <u>Proposed Articles.</u>  In accordance with the ruling above, in Defendants' Motion in Limine No. 11, the Court will **RESERVE RULING.**

## II.  OTHER PRETRIAL MOTIONS

**Plaintiffs' Motion to Exclude Cumulative Expert Testimony (Doc. No. 64)**

The Court finds that the testimony of Laurel Mason and Caitlyn Head is not unduly cumulative, nor will it unduly extend the length of the trial.  As such, the motion is **DENIED**.  However, given that the testimony of both these experts will be given by

deposition, Defendants counsel shall review their deposition designations for any repetitive or cumulative portions that can be removed without impacting the context of their testimony.

**Plaintiffs' Motion Requesting the Court Explain Editing of Videotaped Depositions (Doc. No. 67)**

Upon agreement of the parties, Plaintiffs' motion is **GRANTED**.

**Plaintiffs' Motion to Expand the Voir Dire Panel (Doc. No. 68)**

Plaintiffs' motion is **GRANTED in part**, the Court has expanded the voir dire panel to 30 jurors.

**Defendants' Motion to Bifurcate Trial (Doc. No. 46)**

Pursuant to the parties' agreement and R.S.Mo. § 510.263, the Court will bifurcate the trial with respect to punitive damages.  In the first stage of the trial, the jury shall determine liability for compensatory damages, the amount of any such compensatory damages, and the liability of Defendants for any punitive damages.  If in the first stage the jury determines that Defendants are liable for punitive damages, the jury shall determine, in a second stage of trial, the amount of punitive damages to be awarded against Defendants.  Evidence of Defendants' financial condition shall be admissible during the second stage of trial.  Accordingly, Defendants' motion is **GRANTED**.

**III. CONCLUSION**

In accordance with the above rulings,

**IT IS HEREBY ORDERED** that Plaintiffs' First Motion in Limine is **GRANTED in part** and **DENIED in part**, as set forth above.  (Doc. No. 73).

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion in Limine is **GRANTED**, as set forth above.  (Doc. No. 99).

**IT IS FURTHER ORDERED** that Defendants' First Motion in Limine is **GRANTED in part** and **DENIED in part**, as set forth above.  (Doc. No. 49).

**IT IS FURTHER ORDERED** that Defendants' Second Motion in Limine is **GRANTED in part**, as set forth above.  (Doc. No. 72).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Cumulative Expert Testimony is **DENIED**, as set forth above.  (Doc. No. 64).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion Requesting the Court Explain Editing of Videotaped Deposition to the Jury is **GRANTED**.  (Doc. No. 67).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expand the Voir Dire Panel is **GRANTED in part**, as set forth above.  (Doc. No. 68)

**IT IS FINALLY ORDERED** that Defendants' Motion to Bifurcate Trial is **GRANTED**.  (Doc. No. 46).


AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2023.